# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1210V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MARY TREPANIER, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed:  March 31, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*James Vincent Lopez*, U.S. Dep't of Justice, Washington, DC, for Petitioner.

## DECISION DISMISSING PETITION[1]

On September 2, 2022, Mary Trepanier filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered transverse myelitis as a result of an influenza vaccine administered on October 9, 2020. *See generally* Amended Petition (ECF No. 30).

On August 12, 2024, Respondent filed his Rule 4(c) Report recommending denial of compensation in this matter. *See* Report (ECF No. 41). I subsequently held a status conference, and at that time directed Petitioner to file an expert report. *See* Scheduling Order, dated Aug. 28, 2024.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

By February 2025, Petitioner had still not filed an expert report, so I held a status conference to discuss her progress. Petitioner explained that she had not been able to procure an expert report, so I instructed her to either dismiss the claim pursuant to Vaccine Rule 21 or request a status conference explaining how she intends to move forward. *See* Scheduling Order, dated Feb. 7, 2025.

Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated Mar. 31, 2025 (ECF No. 45). Petitioner explains that she has opted to not proceed with her claim. Mot. at 2. Petitioner has been advised that a decision dismissing the petition will result in a judgment against her, and that such a judgment will end all her rights in the Vaccine Program with regard to this specific claim relating to her October 9, 2020 vaccination. *Id.*

Vaccine Rule 21(b) provides that I may dismiss a petition or any claim therein at the request of Petitioner, on terms that I consider proper, by issuance of a decision pursuant to Section 12(d)(3) of the Vaccine Act. Under this rule, a petitioner may request a decision dismissing a petition, even after preparation of Respondent's Rule 4(c) Report. In such a case, the decision will result in a judgment, although the dismissal will be with prejudice (unless otherwise indicated). Rule 21(b)(1) and (2). Here, I find such a decision appropriate.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to his vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Petitioner has affirmatively represented that she prefers to no longer proceed with her claim, however, and has not otherwise offered evidence sufficient to support the claim. Examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master